28 F.3d 104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antonio Garfield BLACK, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-17103.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 21, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antonio Garfield Black, a federal prisoner, appeals pro se the district court's 28 U.S.C. Sec. 1915(d) dismissal as frivolous of his action alleging that the government conspired to violate his civil rights by illegally issuing an indictment based upon 21 U.S.C. Sec. 841(a)(1). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for an abuse of discretion the district court's determination that a claim is frivolous. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A frivolous claim is one which lacks an arguable basis in either law or fact. Id. at 1733.
 
 
 4
 On August 11, 1989, an indictment was issued charging Black with a violation of 21 U.S.C. Sec. 841(a)(1). Black was convicted of the offense. On June 21, 1993, Black filed the instant action in district court.
 
 
 5
 In his rambling brief, Black argues that section 841(a)(1) is not a federal law, but a federal regulation which requires an administrative procedure. He therefore argues that the government violated his civil rights by obtaining an indictment through a judicial process. Black also argues that section 841(a)(1) was improperly enacted through an executive order of President Richard M. Nixon, rather than "the Senate and House of Representive [sic] of the United States of America in Congress Assembled [sic]."
 
 
 6
 Black's reliance on the Federal Rules of Civil Procedure and Uniform Commercial Code to support his arguments is misplaced; neither applies in a criminal case. Furthermore, we reject as baseless Black's claim that section 841(a)(1) was not properly enacted by Congress. See generally, United States v. Kinsey, 843 F.2d 383, 393 (9th Cir.) ("enactment of ... [s]ection 841 proscribing possession of a controlled substance with intent to distribute was a permissible method by which Congress could control persons ... engaged" in drug offenses), cert. denied, 487 U.S. 1223 (1988), and cert. denied, 488 U.S. 836 (1988).
 
 
 7
 Accordingly, the district court did not abuse its discretion by dismissing Black's action. See Denton, 112 S.Ct. at 1734.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3